# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
       **Plaintiff,**

    **v.**                                      **Case No. 03-CR-294**

**ABRAHAM SALAZAR-HERNANDEZ**
       **Defendant.**

---

## MEMORANDUM

This case is before me on a limited remand pursuant to <u>United States v. Paladino</u>, 401 F.3d 471 (7th Cir. 2005). Under <u>Paladino</u>, the district court's task is to determine whether, in light of the now advisory nature of the guidelines, it would or would not adhere to the original sentence. In making this determination, the court must obtain the views of counsel, at least in writing, but need not require the presence of the defendant. Upon reaching its decision whether to re-sentence, the district court must either place on the record a decision not to re-sentence, with an appropriate explanation, or inform the court of appeals of its desire to re-sentence the defendant. If notified by the district judge that he would not have imposed the same sentence had he known that the guidelines were merely advisory, the court of appeals vacates and remands for re-sentencing. <u>Id.</u> at 484.

Upon receipt of the appellate court's remand order, I directed the parties to file briefs, and now issue the following memorandum advising the court of appeals that I likely would not adhere to the original sentence in light of the now advisory nature of the guidelines. There are two primary reasons for my determination.

First, at the original sentencing, I denied defendant's requests for downward departure but noted the harshness of the penalty he faced and my inability under the then-mandatory guidelines to show mercy in any other way. (Sen. Tr. at 29.) With the guidelines no longer mandatory, the court may consider additional mitigating circumstances under 18 U.S.C. § 3553(a). Second, I have, in a post-<u>Booker</u> illegal re-entry case, declined to follow the advisory guidelines because they produced unwarranted disparity due to their authorization of so-called "fast track" programs in some districts and required imposition of a 16 level enhancement, which was, under the facts of the case, out of proportion to any reasonable assessment of dangerousness. <u>United States v. Galvez-Barrios</u>, 355 F. Supp. 2d 958, 962-63 (E.D. Wis. 2005); <u>see also</u> <u>United States v. Ramirez-Ramirez</u>, 365 F. Supp. 2d 728 (E.D. Va. 2005). It appears that defendant in the present case may be eligible for a non-guideline sentence to account for at least one of these factors.

Therefore, I determine that, in light of the additional discretion afforded by <u>Booker</u>, I would likely impose a lower sentence. The Clerk is directed to transmit this memorandum to the court of appeals.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2005.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

2